UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRY BIESER, ) | |
| ) | |
| Plaintiff, ) | No. 4:12-CV-386-JAR |
| ) | |
| v. ) | |
| ) | |
| J.E. PHILLIPS & SONS, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Rule 35 Motion to Compel Plaintiff to Submit to an Independent Psychological/Psychiatric Examination. [ECF No. 17] Defendant requests that Plaintiff undergo a psychiatric examination by John W. Thompson, Jr., M.D., with psychological testing by Gina Manguno-Mire, PhD, on May 1, 2013 at their offices in New Orleans, Louisiana. Plaintiff objects on the basis of undue hardship. (Doc. Nos. 20, 21) The motion is fully briefed and ready for disposition. For the following reasons, the motion will be denied.

**Background**

In this personal injury action, Plaintiff seeks compensation for injuries he suffered in a collision between Defendant's tractor-trailer and the Missouri Department of Transportation (MODOT) vehicle he was operating. Plaintiff claims physical injuries and post-traumatic stress disorder (PTSD) as a result of the accident, which render him permanently and totally disabled.

**Discussion**

Under Federal Rule of Civil Procedure 35, a court may order a party whose mental or

physical condition is in controversy to "submit to a physical or mental examination by a suitably licensed or certified examiner." Fed.R.Civ.P. 35(a)(1). Rule 35 gives the court broad discretion regarding the terms and conditions of the examination. Blount v. Wake Elec. Membership Corp., 162 F.R.D. 102, 107 (E.D. N.C. 1993) (citing 8C. Wright & A. Miller, Federal Practice and Procedure, § 2234 (1970)). Nevertheless, most courts require the plaintiff to submit to an examination by a physician chosen by the defendant if it is held in the venue where the case will be tried. See e.g., Blount, 162 F.R.D. at 107 ("most courts require the plaintiff to submit to an examination by a physician chosen by the defendant if it is held in the venue where the plaintiff chose to file the action"); Rainey v. Wal-Mart Stores, Inc., 139 F.R.D. 94, 5, (N.D. Tex. 1991) (no basis shown for requiring plaintiff to travel 270 miles one way to be examined by physician of defendant's choosing in another district); Landry v. Green Bay & Western R.R. Co., 121 F.R.D. 400, 401 (E.D. Wis. 1988) (plaintiff compelled to undergo orthopedic evaluation in city where case would be tried).

If the examining party moves for an examination outside of the forum district, the party to be examined may oppose the motion on the basis of undue hardship. In evaluating hardship, the Court may consider the availability of qualified examiners in close proximity to Plaintiff's residence or the forum district, distance of the examination from Plaintiff's residence, and Plaintiff's physical condition. Blount, 162 F.R.D. at 107; 7 Moore's Federal Practice, § 35.09 (Matthew Bender 3d).

In support of its motion, Defendant contends that Plaintiff's allegations go far beyond ordinary mental distress and require broader medical discovery than in typical injury cases. Defendant states it will pay for Plaintiff's reasonable travel, meal and lodging expenses, and accommodate him by flying him in the night before the examination and/or permitting him to fly back the day after the examination. Defendant states it has even discussed permitting a friend of

Plaintiff's to travel with him and paying for the related travel expenses. (Doc. No. 17, p. 3) In addition, Defendant's expert Dr. Thompson has agreed to accommodate Plaintiff by providing reasonable breaks and/or flexible scheduling. Dr. Thompson has reviewed Plaintiff's medical records from 24 different sources and states there is no physical or psychological reason why Plaintiff cannot travel to New Orleans for examination. (Doc. No. 17-5)

Defendant further argues the examination will not unduly burden Plaintiff because he is not currently working and does not have scheduling conflicts which would complicate travel and/or scheduling. The majority of the travel will be accomplished by plane on a non-stop flight which will only last 1 hour 45 minutes. Moreover, Defendant argues Plaintiff is accustomed to routine travel as he has been continuously treated since the October 14, 2011 accident and regularly travels back and forth to his doctor's visits, many of which require an hour and a half of travel time.

Plaintiff responds that he has no objection to appearing for a Rule 35 examination in St. Louis or elsewhere within the boundaries of the Eastern District of Missouri. (Doc. No. 20, p. 2) He notes there are qualified physicians in the communities of Washington University and Saint Louis University as well as the BJC, Mercy and SSM networks. (Id., p. 1) In addition, Plaintiff states that while he has seen medical personnel in St. Louis, he has not otherwise traveled, and requiring him to drive from his residence in Farmington, Missouri to St. Louis to board an airplane and fly to New Orleans, Louisiana would be an undue burden, particularly in light of his physical condition.

In reply, Defendant states that Dr. Thompson is uniquely qualified to evaluate Plaintiff's allegations of PTSD and functional limitations given his twenty-plus years of experience working with the United States military and in private practice evaluating claims of post-traumatic stress disorder. He has also served as an expert medical witness on "several hundred occasions" and is familiar with the requirements of civil litigation. (Doc. No. 26, p. 5) Defendant contends Dr. Thompson cannot simply be replaced by any psychiatrist in the St. Louis area. (Id.)

The Court is mindful that Rule 35(a) is liberally construed in favor of granting discovery.

Blount, 162 F.R.D. at 107 (citing Schlagenhauf v. Holder, 379 U.S. 104, 114 (1964)). However, after consideration, the Court will not compel Plaintiff to submit to an examination in New Orleans, Louisiana, which is not in the forum chosen by Plaintiff. In addition, New Orleans is a substantial distance from Plaintiff's home in Farmington, Missouri. The Court also considers Plaintiff's physical condition. Blount, 162 F.R.D. at 107 (citing Steele v. True Temper Corporation, 174 N.E.2d 298, 301 (Ohio 1961)). Defendant argues that Plaintiff does not claim the travel would result in any increased anxiety, fear or pain (Doc. No. 26, p. 6); however, the lengthy trip from his home to New Orleans, Louisiana will certainly be difficult for Plaintiff to manage. As the district court observed in Blount, this is too much to ask Plaintiff to do under these circumstances. Id.

The Court presumes there are a number of qualified psychologists in the Eastern District of Missouri, where Plaintiff resides and his action was brought; however, Defendant could certainly arrange to fly Dr. Thompson and his staff to St. Louis to evaluate Plaintiff and perform the necessary testing.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Rule 35 Motion to Compel Plaintiff to Submit to an Independent Psychological/Psychiatric Examination [17] is **DENIED**.

*John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 15th day of April, 2013.