**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| | ) | |
| | ) | |
| JERRY BIESER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 4:12-CV-386-JAR |
| | ) | |
| v. | ) | |
| | ) | |
| J.E. PHILLIPS & SONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Following a telephone conference with the parties on April 17, 2013, the Court ordered the parties to submit a joint motion to amend the case management order with a new trial date, either February 24, 2014 or April 28, 2014. (Doc. No. 31) On April 22, 2013, the parties submitted a Second Joint Motion to Amend Scheduling Order (Doc. No. 33) requesting the Court amend the current case management order by extending certain deadlines and resetting the case for trial on April 28, 2014 at 9:00 a.m.

On April 23, 2013, Plaintiff filed a Motion for Scheduling Order Granting Plaintiff Opportunity to Name Additional Medical Experts in the Field of Psychiatry or, in the Alternative, for an Order of Dismissal Without Prejudice. (Doc. No. 34) In his motion, Plaintiff states that his employer has requested additional neuropsychological testing in connection with his pending worker's compensation case. Plaintiff contends this new testing could alter the opinions of his treating psychiatrist, Dr. Elizabeth Pribor, thereby necessitating a new medical

expert.[1] (Doc. No. 35, pp. 2-3) In opposition to Plaintiff's motion, Defendant argues Plaintiff has had ample opportunity over the past year to explore his alleged medical conditions and designate experts to support his claims, and that permitting Plaintiff to name an additional medical expert at this juncture is unjust and will result in undue prejudice to Defendant. (Doc. No. 36, pp. 3-4) Moreover, Defendant states that dismissal of the case will not remedy the prejudice to Defendant given the fact that it has already expended considerable time and expense defending the case. (Id., p. 4)

Upon consideration, the motions will be granted in part.

Accordingly,

**IT IS HEREBY ORDERED** that the Second Joint Motion of Plaintiff and Defendant to Amend Scheduling Order [33] is **GRANTED** in part.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Scheduling Order Granting Plaintiff Opportunity to Name Additional Medical Experts in the Field of Psychiatry or, in the Alternative, for an Order of Dismissal Without Prejudice [34] is **GRANTED** in part.

**IT IS FURTHER ORDERED** that the Case Management Order issued June 6, 2012 (Doc. No. 5) is amended as follows:

**I. SCHEDULING PLAN**

3. Disclosure shall proceed in the following manner:

(a) Plaintiff shall disclose any additional expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **July 15, 2013**, and shall have depositions completed, no later than **August 1, 2013**.

(b) Defendant shall make any request for a physical or mental examination of the

---

[1] Plaintiff acknowledges that depending on the results of the new testing and evaluation, a new medical expert may not be necessary. (Doc. No. 35, pp. 3-4)

Plaintiff pursuant to Rule 35, Fed.R.Civ.P., no later than **September 1, 2013**, and shall have such examinations completed, no later than **October 1, 2013.**

(c) Defendant shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **October 1, 2013**, and shall make expert witnesses available for depositions, and have depositions completed, no later than **November 15, 2013**.

(d) Discovery of fact witnesses to continue until the close of discovery. The parties shall complete <u>all</u> discovery in this case no later than **December 15, 2013**.

4. This case shall be referred to alternative dispute resolution on **November 1, 2013**, and that reference shall terminate on **December 15, 2013.**

5. Any motions to dismiss, motions for summary judgment, motions for judgment on the pleadings, or, if applicable, any motion to exclude testimony pursuant to <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993) or <u>Kuhmo Tire Co. Ltd. v. Carmichael</u>, 526 U.S. 137 (1999), must be filed no later than **December 15, 2013.** Any response shall be filed no later than **January 15, 2014**. Any reply shall be filed no later than **January 25, 2014**.

**II. ORDER RELATING TO TRIAL**

This action is set for a **JURY** trial on **April 28, 2014** at **9:00 a.m.** This is a **2** week docket, and the parties are expected to be ready and available for trial on the first day of the docket and thereafter on twenty-four hours notice. **In this case, unless otherwise ordered by the Court, the attorneys shall, not less than twenty (20) days prior to the date set for trial:**

**1. Stipulation:** Meet and jointly prepare and file with the Clerk a JOINT Stipulation

of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation (including a brief summary of the case which may be used on Voir Dire).

**2. Witnesses:**

(a) Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

(b) Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

**3. Exhibits:**

(a) Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs to use Arabic numerals and defendants to use letters, e.g., Pltf-1, Deft.-A, or Pltf Jones-1, Deft Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced. The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed.R.Evid. 902(11) or 902(12).

(b) Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed.R.Evid. 902(11)or 902(12), to opposing counsel for examination. Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

(c) Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance

with this Order. Any objections not made in writing by the time of the final pretrial conference may be considered waived.

**4. Depositions, Interrogatory Answers, and Request for Admissions:**

(a) Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence. Before the time of the final pretrial conference, opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

(b) Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order. Any objections not made as above required may be considered waived.

**5. Motions in Limine**: Parties shall file all motions in limine to exclude evidence at least ten (10) days before the pretrial conference.

**6. Final Pretrial Conference:** A final pretrial conference is set for **April 24, 2014 at 1:30 p.m.** in the courtroom of the undersigned. Before the final pretrial conference, each party shall submit to the Court and to opposing counsel his/her/its written request for instructions and forms of verdicts reserving the right to submit requests for additional or modified instructions in light of the opposing party's requests for instructions. (Each request must be supported by at east one pertinent citation.)

Dated this 14th day of May, 2013.

                                    _____

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**